**Pedro Antonio DIAZ, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 03–96–00151–CV.

Court of Appeals of Texas, Austin.

Aug. 14, 1997.

Robert E. Valdez, San Antonio, for Appellant.

J. Bruce Bennett, Baskin, Bennett & Komkov, L.L.P., Austin, Linda Acevedo, Assistant General Counsel, State Bar of Texas, Austin, for Appellee.

Before POWERS, JONES and KIDD, JJ.

POWERS, Justice.

Pedro Antonio Diaz appeals from a trial-court judgment that suspends for eighteen months his authority to practice law in the State of Texas.[1] We will affirm the judgment.

## THE CONTROVERSY

Kenneth Korth, Diaz's former law partner, sued him to recover a $15,000 debt when Diaz failed to pay a loan made by Korth; and, because Korth contended the $15,000 was used to make a down payment on Diaz's home, Korth sued to establish an equitable lien against the property. In the course of the lawsuit, Diaz filed a motion for summary judgment accompanied by his affidavit that none of the $15,000 was applied to payment of the purchase price of his home; consequently, Diaz contended in his motion Korth was not, as a matter of law, entitled to an equitable lien on the home. Believing Diaz's affidavit to be false, Korth complained to the State Bar of Texas that Diaz had knowingly made false statements of material fact to a tribunal. Tex. Disciplinary R. Prof. Conduct 3.03(a)(1).[2]

The Grievance Committee convened an investigatory panel to determine whether Korth's complaint was supported by just cause. See Tex.R. Disciplinary P. 2.01, 2.04, 2.11. The panel found just cause and notified Diaz accordingly. The Grievance Committee appointed an evidentiary panel to consider a single violation arising from the complaint: whether Diaz's affidavit in support of his motion for summary judgment contained a false statement of material fact in violation of Rule 3.03(a)(1). See Tex. Dis-

1. Based on a jury's verdict, the judgment below determines that Diaz violated three disciplinary rules of the State Bar of Texas, namely: former Disciplinary Rule 9–102A(1)(2) (prohibiting a lawyer's commingling his own funds with those of a client in the same bank account); Disciplinary Rule of Professional Conduct 3.03(a)(1) ("A lawyer shall not knowingly ... make a false statement of material fact to a tribunal"); and Disciplinary Rule of Professional Conduct 8.04(a) ("A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

For each of the three violations, the judgment orders identical concurrent sanctions: Diaz's authority to practice law is suspended for a period of eighteen months, the first three months "to be active suspension and the last fifteen (15) months of each suspension to be probated for a period of thirty-six (36) months." In addition, the judgment orders Diaz to pay the State Bar of Texas a specified and calculable amount in attorney's fees.

2. Korth's suit was ultimately dismissed for want of prosecution.

ciplinary R. Prof. Conduct 3.03(a)(1). Diaz and the Chief Disciplinary Counsel disagreed regarding the terms of the order that would control the evidentiary hearing, whereupon Diaz requested and was permitted to remove the case to district court "for a trial de novo." Tex.R. Disciplinary P. 2.16(C). Trials de novo of this character are governed by Part III of the Texas Rules of Disciplinary Procedure. *Id.*

In district court, the Commission for Lawyer Discipline filed a petition alleging the violation initiated by Korth's complaint: Diaz's alleged violation of Rule 3.03 (making a false statement of material fact or law to a tribunal). *See* Tex. Disciplinary R. Prof. Conduct 3.03. In addition, the petition averred two other violations, namely a commingling of lawyer and client funds in violation of former Disciplinary Rule 9–102(A) and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rule 8.04(a)(3). *See id.* 8.04(a)(3). Each of the three alleged violations was submitted to the jury; they found Diaz had committed all three. Diaz appeals from a district-court judgment incorporating the verdict.

### DISCUSSION AND HOLDINGS

In his first point of error, Diaz contends the trial court erred by submitting, over Diaz's objection, the two additional violations and in rendering judgment thereon. Diaz argues the Commission lacked "standing" to assert the two additional violations and waived any right to complain thereon because no investigatory panel had found just cause to believe Diaz had committed them. We overrule the point of error.

The case was governed by Part III of the Rules of Disciplinary Procedure. The various provisions in Part III make it quite clear that district-court proceedings thereunder are original and independent proceedings. They are not proceedings in which the court is called upon to *review* an action taken in the administrative proceedings that were interrupted by the lawyer's removal of the case to district court. In such court proceedings, "the Texas Rules of Civil Procedure apply" save as they may be varied by the Rules of

Disciplinary Procedure. Tex.R. Disciplinary P. 3.08(b). In ordinary civil suits in district court, a plaintiff may join as independent claims "as many claims … as he may have against an opposing party." Tex. Rule Civ. P. 51(a). Nothing in the Rules of Disciplinary Procedure purports to vary Rule 51(a).

In all events, we may not reverse the district-court judgment unless the error for which Diaz contends "amounted to such a denial of [his rights] as was reasonably calculated to cause and probably did cause an improper judgment in the case, or was such as probably prevented [his] making a proper presentation of the case" in this Court. Tex. R.App. P. 81(b)(1). We do not believe the error complained of, if it was error, prevented Diaz from making a proper presentation of the case on appeal or caused rendition of an improper judgment—the judgment rests equally on a violation that *was* considered by the investigatory panel. Because the suspensions ordered in the judgment run concurrently, we cannot conclude Diaz has been prejudiced by the error claimed in his first point of error. We hold accordingly. *See Vander Voort v. State Bar of Tex.*, 802 S.W.2d 332, 333 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

In points of error two and three, Diaz contends the evidence is legally and factually insufficient to support the jury's findings. For the reasons given in the foregoing paragraph, we need relate the evidence only as it bears upon the jury's finding that Diaz (1) knowingly (2) made a false statement (3) of a material fact (4) to a tribunal. *See* Tex.R. Disciplinary P. 3.03(a)(1). The charge instructed the jury to consider only the following statements made by Diaz in the action brought by Korth:

> While [Korth] has lent me money in the past, none of the money lent by [Korth] was used as part of the money tendered at the closing on January 31, 1989 to purchase this property which is my homestead.

> Furthermore, [Diaz] denies that any portion of the $15,000 was going to be used to purchase a house located at 104 Woodhall Drive, Victoria, Texas.

[Diaz] denies that the proceeds of the $15,-000 Promissory Note were used to purchase the subject real property.

Those portions of [Diaz's] September 29, 1992, deposition admitted in evidence herein.

An instruction in the charge informed the jury that "knowingly" denoted actual knowledge of the fact in question and that knowledge may be inferred from the circumstances.

Diaz testified he did not knowingly make a false statement because he held a good faith belief that the $15,000 lent him by Korth was not used to purchase his home. Instead, he testified, the loan proceeds were used to pay for improvements, namely a fence, a sprinkler system, grass sod, and other items not constituting a part of the purchase price. He also testified, however, that it was possible that the cost of these improvements was "rolled into" the purchase price. The evidence includes documents that show, in contrast, that a sprinkler system and sod were paid for by Diaz's bank check dated two weeks *after* the closing of the purchase transaction and that a check written by Diaz on his personal account was given in payment of a fence some six months after the closing. Most tellingly, however, Diaz filed in the Korth suit a response to requests for admission. In his response Diaz replied "admitted" when asked whether he "used said $15,-000 as part of his down payment on the house located at 104 Woodhall, Victoria, Texas."

Diaz testified none of the statements described in the charge were *false* because he had repaid Korth's loan by the time Diaz's bank check, given for the purchase price of the house, had cleared his bank. Diaz repaid the loan, he testified, by a few small payments made to Korth on the same day he borrowed the money coupled with an oral agreement with Korth to exchange Diaz's interest in a workers' compensation case for the balance owing on the debt. Korth denied in his testimony that any such agreement was made.

■ Diaz disputes the *materiality* of his false statements on the theory they did not and could not affect Diaz's liability and thus

Korth's suit for debt. It is evident, however, that Diaz's denying use of the loan proceeds to purchase the home affected Korth's action to establish an equitable lien on Diaz's home.

■ Diaz argues that the evidence is insufficient to show that any of his statements were made to a tribunal because Korth's suit, in which the statements were made, was dismissed for want of prosecution before his statements came before a judge or jury. We reject the argument. Rule 3.03(a)(1) encompasses false statements by a lawyer that *might* corrupt the course of litigation. In "pleadings and other documents *prepared* for litigation" for example, *"as in an affidavit by the lawyer"* purporting to be made on his own knowledge, the lawyer must know his assertions are true or believe them to be so based on a reasonably diligent inquiry. Tex.R. Disciplinary P. 3.03 cmt.2 (emphasis added). The record shows Diaz filed pleadings containing false statements and attached thereto his affidavit containing similar false statements. We hold this constitutes making a false statement to a tribunal within the meaning of Rule 3.03(a)(1).

■ Diaz contends the rule prohibiting false statements of material fact to a tribunal did not apply because his statements were made not as an attorney but as a party. We reject the argument. The Disciplinary Rules of Professional Conduct do not allow the distinction for which Diaz contends. *See* Tex. Disciplinary R. Prof. Conduct 8.04(a)(1) ("A lawyer shall not ... violate these rules ... whether or not such violation occurred in the course of a client-lawyer relationship.").

We find in the evidence nothing from which one may reasonably conclude that the jury's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Considering the evidence and inferences therefrom that support the jury's finding, and rejecting any contrary evidence and inferences, we may not disturb the finding. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex. 1995).

We hold accordingly and affirm the district-court judgment.