Arnold S. COHN, Appellant,

v.

## COMMISSION FOR LAWYER DISCIPLINE, Appellee.

No. 14–97–00678–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 6, 1998.

Rehearing Overruled Oct. 22, 1998.

Arnold S. Cohn, Houston, for appellant.

Steve D. Statham, Richard A. Sheehy, Lauren L. Beck, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

This is an appeal from a judgment in favor of the Commission for Lawyer Discipline (the "Commission"), appellee, against Arnold S. Cohn ("Cohn"), appellant, in a disciplinary action. The trial court found that Cohn violated Rules 3.03(a)(1) and (c) of the Texas Disciplinary Rules of Professional Conduct by knowingly making a false statement of material fact or law to a tribunal, and by failing to take remedial legal measures. The court ordered a six month suspension from the practice of law, fully probated. *See* TEX. DISCIPLINARY R. PROF. CONDUCT 3.03(a)(1), (c) (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1998) (STATE BAR RULES art. X, § 9) (hereinafter "the disciplinary rules"). Cohn challenges the trial court's findings and conclusions in five points of error. We affirm.

## Background

According to the trial court's findings of fact, on or before January 17, 1995, Leonard Goff ("Goff") appeared *pro se* before Judge James Smith at the docket call of a civil suit pending against him in Fort Bend County Impact Court No. 1, entitled *Glasper v. Goff.* Goff informed Judge Smith that he had filed a motion for permission to seek bankruptcy protection with the bankruptcy court, and sought to obtain a continuance on this basis. After docket call, Goff telephoned Cohn and asked him to check on the status of the bankruptcy motion. Cohn did so, and was advised and/or determined that Goff's bankruptcy case had not been reopened.[1] Thereafter, Cohn sent a letter by fax to the Fort Bend County Impact Court No. 1 representing that Goff's bankruptcy case had been reopened and that a § 362 automatic stay was in effect. Based upon Cohn's representation, Judge Smith continued Goff's case even though it had previously been reset numerous times. Although Cohn knew that the court had relied on his representation in resetting Goff's case, he failed to disclose to the court the true status of the bankruptcy

case. The trial court concluded that Cohn had knowingly made false representations and failed to take remedial legal measures in violation of Rule 3.03(a)(1) and (c) of the disciplinary rules.

## Standard of Review

◼ A trial court's findings of fact in a bench trial have the same force and dignity as a jury's verdict, but are not conclusive when there is a complete statement of facts in the record. *See Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.— Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985). In the present case, the record contains an entire statement of facts. Consequently, we are not bound by the trial court's findings, and will review them for legal and factual sufficiency of the evidence by the same standards used in reviewing the evidence supporting a jury's verdict. *See id.;* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals,* 29 ST. MARY'S L.J. 351, 495–96 (1998).

In reviewing the legal sufficiency of the evidence, or a "no evidence" point, we consider only the evidence and inferences that tend to support the finding, and disregard all evidence and inferences to the contrary. *See Browning-Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex.1993); *Daves v. Commission for Lawyer Discipline,* 952 S.W.2d 573, 579 (Tex.App.—Amarillo 1997, pet. denied). If there is more than a "scintilla" of evidence to support the finding, it must be upheld and the judgment affirmed. *See id.* In reviewing the factual sufficiency of the evidence, we must consider all of the evidence, and should set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *Daves,* 952 S.W.2d at 579. The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we may not substitute our judgment for that of the trial court in a bench trial simply because we may disagree with the court's findings. *See Herbert v.*

---

1. Cohn had previously filed several bankruptcy petitions in federal court, which had been dismissed, and he was prohibited by court order from filing more bankruptcy petitions without first obtaining leave of the bankruptcy court.

*Herbert,* 754 S.W.2d 141, 142 (Tex.1988); *Tigner v. City of Angleton,* 949 S.W.2d 887, 889 (Tex.App.—Houston [14th Dist .] 1997, no writ).

We review the trial court's conclusions of law drawn from the findings of fact de novo to determine whether they are correct. *See Zieben v. Platt,* 786 S.W.2d 797, 801–02 (Tex. App.—Houston [14th Dist.] 1990, no writ). Conclusions of law must be upheld on appeal if any legal theory supported by the evidence sustains the judgment, and will be reversed only if the conclusions are erroneous as a matter of law. *See State Bar of Tex. v. Leighton,* 956 S.W.2d 667, 671 (Tex.App.—San Antonio 1997, pet. denied).

## Point of Error One

In his first point of error, Cohn contends the trial court erred in applying Rule 3.03 to the facts at issue because the rule only applies to the courtroom activities of an attorney acting as an advocate. Because he did not represent Goff in the *Glasper* case or the bankruptcy proceeding, and because he never appeared before Judge Smith, Cohn claims he was never an advocate and Rule 3.03 is inapplicable as a matter of law.

■ Cohn's claim that Rule 3.03(a)(1) is restricted to an attorney's actions as an advocate was never raised to the trial court, is not contained in the pleadings, is not addressed in the findings of fact and conclusions of law, is not addressed in the judgment, and is not raised in the motion for new trial. To preserve error, a party must make a timely and specific objection so that the opposing party may be afforded the opportunity to cure any deficiencies and the trial court may know the nature of the alleged error. *See* TEX. R.APP.P. 33.1; *PGP Gas Prods., Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981). Upon reviewing the record, we find that Cohn waived this argument on appeal by failing to make a timely request, objection, or motion stating the grounds of his objection. *See id.;*

*Hernandez v. State Bar of Tex.,* 812 S.W.2d 75, 78 (Tex.App.—Corpus Christi 1991, no writ).

■ Even assuming, *arguendo,* that Cohn properly preserved this issue for review, we do not believe his point has merit. Cohn points to the comments concerning Rule 3.03, which discuss an attorney's duties in the context of an advocate before a tribunal, and claims no Texas courts have applied the rule to an attorney not acting as an advocate. However, a similar argument was rejected in *Diaz v. Commission for Lawyer Discipline,* 953 S.W.2d 435, 438 (Tex.App.—Austin 1997, no writ). There, Diaz filed a motion for summary judgment supported by his affidavit, which contained false statements. *See id.* Diaz claimed Rule 3.03 "did not apply to him because his statements were made not as an attorney but as a party." *Id.* The court held that "[t]he Disciplinary Rules of Professional Conduct do not allow the distinction for which Diaz contends," noting the provision of Rule 8.04(a)(1) that "[a] lawyer shall not ... violate these rules ... whether or not such violation occurred in the course of a client-lawyer relationship...." *Id.*[2] We agree that Rule 3.03(a)(1) must be read in conjunction with Rule 8.04(a)(1), and that the comments to the rules merely "illustrate or explain applications of the rules, in order to provide guidance for interpreting the rules and for practicing in compliance with the spirit of the rules." TEX. DISCIPLINARY R. PROF. CONDUCT preamble ¶ 10. We conclude that Rule 3.03(a)(1) applies to an attorney who knowingly makes a false statement to a tribunal whether or not the attorney is advocating for a client. Point of error one is overruled.

## Point of Error Two

In his second point of error, Cohn contends the trial court erred as a matter of law in concluding that his statement was a "material fact" under Rule 3.03(a)(1). Alternatively, he challenges the legal and factual suffi-

---

2. Similarly, in *Weiss v. Commission for Lawyer Discipline,* Weiss claimed that, because Rule 3.03(a)(1) is located in a section titled "advocate" and the comments concerning the section refer only to situations involving an attorney representing a client before a tribunal, the rule only applies to an attorney who is an advocate for a client. 981 S.W.2d 8, 20 (Tex.App.—San Antonio, 1998, n.w.h.). The court rejected Weiss' argument, stating: "We think a more reasonable interpretation is that the section was placed in the advocate section and that the comments relate to situations involving clients because the section comes into play most often when the attorney is representing another." *Id.*

ciency of the evidence to support the court's finding that Cohn's statement was a "material fact."

Relying upon *In re Ver Dught*, 825 S.W.2d 847, 850 (Mo.1992) and *Iowa Supreme Court Board of Professional Ethics & Conduct v. Parker*, 558 N.W.2d 183, 186 (Iowa 1997), Cohn contends a "material fact" should be defined as "a fact of such probative force as would control or determine the result in the litigation." Because his representation had no effect on the outcome of the underlying case and had no relation to the relief sought therein, Cohn contends the Commission failed to meet its burden under Rule 3.03 as a matter of law. However, it would be difficult, if not impossible, to ever prove that the continuance of a case in and of itself was outcome determinative, even though delays often substantially disrupt the court proceedings, increase the costs and other burdens of litigation, and may impair the quality of the evidence. We do not believe the definition of a "material fact" under Rule 3.03(a)(1) was intended to be so restrictive.

■ In Texas, a representation is "material" if it is important to the party to whom it is made in making a decision regarding the particular transaction. *See Beneficial Personnel Serv. v. Porras*, 927 S.W.2d 177, 186 (Tex.App.—El Paso 1996), *vacated and remanded by agreement*, 938 S.W.2d 716 (Tex. 1997). "Material means a reasonable person would attach importance to and would be induced to act on the information in determining his choice of actions in the transaction in question." *Id.* (quoting *American Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 338 (Tex.App.—Houston [14th Dist.] 1991, no writ)). We believe that, in the context of Rule 3.03(a)(1), materiality encompasses matters represented to a tribunal that the judge would attach importance to and would be induced to act on in making a ruling. This includes rulings that might delay or impair the proceedings, or increase the costs of litigation. We agree with the court's statement in *Diaz* that "Rule 3.03(a)(1) encompasses false statements by a lawyer that *might* corrupt the course of litigation." 953 S.W.2d at 438 (emphasis in original). Judge Smith testified that, in granting Goff's request for a continuance, he attached importance to and relied upon Cohn's representation regarding

the bankruptcy proceedings. Consequently, the trial court did not err as a matter of law in finding Cohn's representations to be material.

■ Moreover, our review of the record shows that the evidence was legally and factually sufficient to support the trial court's finding of materiality. Judge Smith testified that Cohn's representation "was material in whether I put the case to trial or not," and that he reset the case based on Goff's position, as stated by Cohn, "that a 362 stay was in effect." Absent Judge Smith's impression that a section 362 stay was in effect, he "would have put the case to trial." Although Judge Smith later learned that the bankruptcy case had not been reopened, and that in any event reopening a bankruptcy case is a ministerial act that would not trigger an automatic stay, the evidence clearly shows that he relied on Cohn's representations regarding the status of the bankruptcy and Goff's stated position regarding the section 362 stay. We believe the trial court's finding that Cohn's representations were material is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Point of error two is overruled.

### Points of Error Three and Four

■ In points of error three and four, Cohn challenges the legal and factual sufficiency of the evidence to support the trial court's findings that his misrepresentations were "knowingly" made and that he failed to disclose a material fact. Specifically, Cohn challenges the trial court's findings that he (1) "was advised and/or determined that Goff's bankruptcy case had not been reopened," and (2) "failed to disclose to the court the true status of Goff's bankruptcy case, even though Respondent knew that the Court had relied on that information in resetting Goff's case." Cohn claims the record affirmatively establishes that he disclosed all knowledge that he had regarding the bankruptcy case to the court, and that he never intended the trial court to rely on such information.

According to Cohn's testimony, Catherine Eaton, the bankruptcy court clerk with whom he spoke, indicated to him that there

was something strange about the file and that the case appeared to have been re-opened. He questioned her as to the effect on the section 362 stay, but she declined to give a legal opinion. Cohn then called his friend, Richard Abrams, who he knew to be experienced in bankruptcy law. Abrams testified that Cohn indicated the clerk had told him the case was reinstated. Abrams informed Cohn that, if the case is reopened, the section 362 stay may be in effect, but "before you really do anything, you should go down and look for the file."

Without looking at the file, Cohn called Judge Smith's court and informed the court coordinator that Goff's bankruptcy case had been reopened and an automatic stay might be in effect. At the coordinator's request, Cohn confirmed their conversation by fax stating: "[Catherine Eaton] informed me that Mr. Goff's Bankruptcy Case has been reopened.... Mr. Goff's position is that the 362 Stay is in effect." Judge Smith, unable to reach Eaton himself, granted Goff's request for a continuance based upon the representations in Cohn's letter. According to Cohn, Eaton phoned later that afternoon, after the case had been continued, and told him that the case had not been reopened. Cohn, however, did not notify Judge Smith because he did not intend for the court to rely upon the information contained in his fax, and expected the court to verify its accuracy.

Eaton's recollection differed from that of Cohn's. Eaton testified that she read the bankruptcy court's order denying Goff's motion to seek bankruptcy relief to Mr. Cohn,[3] and that "[Cohn] knew definitely that the [bankruptcy court] had denied [Goff's] application." Eaton denied saying anything to Cohn about the case either being reopened or not being reopened. It is undisputed that Cohn never notified Judge Smith of the bankruptcy court's order denying Goff's motion to seek bankruptcy relief. Judge Smith testified that he spoke with Eaton on January 17, 1995, and she denied telling Cohn that the case had been reopened. The judge believed her over Cohn "because [Cohn] was in an advocate's position and the clerk wasn't. The clerk didn't have any reason to lie." Although Eaton could not recall certain details regarding her conversation with Cohn, such as whether Cohn called her or

she called him, at what time or how many times she spoke to Cohn, the specific questions Cohn asked her during their conversations, or to whom she spoke in Judge Smith's court, her testimony that Cohn knew Goff's motion had been denied and the case had not been reopened was unequivocal.

For purposes of the disciplinary rules, a person's knowledge "may be inferred from circumstances." TEX. DISCIPLINARY R. PROF. CONDUCT terminology (1991). Moreover, there are circumstances in which a failure to disclose is the equivalent of an affirmative misrepresentation. *See* TEX. DISCIPLINARY R. PROF. CONDUCT 3.03 cmt. 2. Based upon the foregoing, we find there is sufficient evidence to support the trial court's findings that Cohn's misrepresentations were made "knowingly" and that he failed to disclose a material fact, and such findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. An appellate court may not substitute its judgment for that of the trier of fact. who weighs the evidence and judges the credibility of the witnesses, even if a different finding could be reached on the evidence. *See Bormaster v. Henderson*, 624 S.W.2d 655, 659 (Tex.App.—Houston [14th Dist.] 1981, no writ). Points of error three and four are overruled.

### Point of Error Five

■ In his fifth point of error, Cohn claims the trial court erred in finding that he failed to take remedial legal measures in violation of Rule 3.03(c), which provides that an attorney's duty of candor toward the tribunal continues "until remedial legal measures are no longer reasonably possible." TEX. DISCIPLINARY R. PROF. CONDUCT 3.03(c). Initially, Cohn challenges the constitutionality of the rule as "impermissibly vague and indefinite." However, Cohn failed to raise this claim in the trial court, and provides no "appropriate citations to authorities" in support of his argument. *See* TEX.R.APP.P. 33.1, 38.1(h). Consequently, Cohn's constitutional challenge is waived.

■ Cohn next contends there was no evidence to show that remedial legal measures

---

**3.** The order simply states: "The motion for debt-    or to seek bankruptcy relief is DENIED."

were still feasible when he learned that the bankruptcy case had not been reopened. Specifically, Cohn claims Judge Smith discovered that Goff's bankruptcy case had not been reopened at or about the same time he did, and thus could have ordered the *Glasper* case to trial whether or not Cohn notified the court. In other words, Cohn concludes his inaction had no effect on the court's ability to take remedial legal measures and hence any efforts on his part to notify the court would have been futile. Cohn's position, however, presumes that a lawyer's obligations under Rule 3.03(c) must be reviewed in hindsight. We disagree.

According to Cohn's testimony, after he informed the court that Goff's bankruptcy case had been reopened and an automatic stay was in effect, he received a message from Goff around 2:00 p.m. that the case had been reset. Approximately thirty minutes later, Eaton phoned and informed Cohn that the bankruptcy case had not been reopened. There was no evidence that Cohn knew, at this point, that Judge Smith had been informed of the true status of the bankruptcy case. Because he never contacted the court, Cohn could not have known whether it was still feasible for Judge Smith to cancel the resetting and put the case to trial. The fact that Judge Smith learned the correct status of the bankruptcy case through his own diligence does not relieve Cohn of his obligations under Rule 3.03(c). Comment 14 to Rule 3.03 provides:

> The time limit on the obligation to rectify the presentation of false testimony or other evidence varies from case to case but *continues as long as there is a reasonable possibility of taking corrective legal actions* before a tribunal.

TEX. DISCIPLINARY R. PROF. CONDUCT 3.03 cmt. 14 (emphasis added). The record supports the trial court's conclusion that there was still a reasonable possibility of taking corrective legal actions at the time Cohn learned that his representations to Judge Smith were false. Point of error five is overruled.

The judgment of the trial court is affirmed.