Opinion filed August 3, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 3, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00326-CV 

                                                    __________

 

          ALICE MARIE BELEW D/B/A BELEW REAL ESTATE, Appellant

 

                                                             V.

 

                                      JAMES
A. RECTOR, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                           Ector County, Texas

 

                                              Trial
Court Cause No. CC2-18,008

 



 

                                                                   O
P I N I O N

This is an oral employment contract dispute
concerning real estate commissions.  The
trial court conducted a bench trial and entered judgment for James A. Rector
finding that he was entitled to additional commissions of $6,591, attorney=s fees of $2,000, and conditional
attorney=s fees in
the event of an appeal.  We affirm.

                                                              I.
Background Facts








Alice Marie Belew was a real estate broker who
operated Belew Real Estate as a sole proprietor.  Belew hired Rector as a real estate agent in
2002.  They orally agreed that he would
receive a percentage of the commission from his sales.  For example, he was entitled to one-half of
the commission for routine residential sales. 
Rector worked for Belew until February 14, 2005.

The parties=
dispute concerned Rector=s
compensation claim for a residential development in West
 Odessa, Desert Willow Estates.[1]  PDF Trust, an entity owned by Belew and three
investors, acquired 160 acres of land for developmental purposes.  PDF paid Belew a $20,000 development
fee.   Rector did much of the legwork and
received one-half of the fee.  Rector
contended that Belew also agreed to give him one-half of any commission for any
lot sale in Desert Willow Estates during his employment.

Belew initially testified that no lots had been
sold.  However, the exhibits reflect that
on September 16, 2004, PDF sold ten lots to Providential Enterprises, USA, LP for
$154,450 and executed a warranty deed with vendor=s
lien.  Rector also introduced a
spreadsheet entitled ADesert
Willow Lot [P]ricing Calculations.@  This spreadsheet contained information on
each lot in Desert Willow Estates, including the commission for any lot
sale.  Rector testified that PDF=s owners asked him to prepare the
spreadsheet.  Belew testified that one of
PDF=s owners provided the numbers and did
the calculations.  Regardless of who
generated the numbers, the warranty deed=s
price of $154,450 equaled the retail price of the ten lots as shown on the
spreadsheet.  Utilizing the spreadsheet=s commission calculations, Rector
claimed that he was entitled to a commission of $4,618.50.








Belew conceded that the warranty deed had been
recorded and that a deed is typically evidence of a sale.  She conceded further that she had built and
sold a house on one of Providential=s
lots.[2]  But, she contended that Rector was not
entitled to a commission for the home sale because it closed after his
termination[3]
and that he was not entitled to a commission on the other lots because the
Providential transaction was unfunded. 
Belew testified that the Providential acquisition was subject to a side
agreement. Providential put nothing down when it acquired the ten lots and was
not required to make a payment until a lot was occupied by a house and the
house sold.  Belew testified that her
real estate company did not get a commission on the Providential acquisition
because no money exchanged hands.

                                                                       II.
Issues

  Belew
challenges the trial court=s
judgment with four issues.  First, she
contends the parties=
oral contract was void for lack of consideration.  Second, she argues that there was no evidence
or factually insufficient evidence that she received any commission from the
Providential purchase.  Third, she
challenges the sufficiency of the evidence to support a quantum meruit
claim.  And, finally, Belew contends that
Rector failed to prove presentment of his claim for attorney=s fees.

                                                            III.
Standard of Review

Belew did not request findings of fact and
conclusions of law.  We presume,
therefore, that the court made all findings in favor of its judgment.  Pharo v. Chambers
 County, Tex., 922 S.W.2d 945,
948 (Tex.
1996).  If a reporter=s record is filed, challenges to the
factual and legal sufficiency may be made in connection with the implied
findings.  Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex.
1989).

The trial court=s
legal determinations are reviewed de novo and will be upheld if they can be
sustained on any legal theory supported by the evidence.  Cohn v. Comm=n
for Lawyer Discipline, 979 S.W.2d 694, 697 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  A trial court=s factual determinations are reviewed
for legal sufficiency under the same standards used to review a jury=s verdict.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
In considering a legal sufficiency challenge, we review all the evidence
in the light most favorable to the prevailing party, indulging every inference
in that party=s
favor.  Associated Indem. Corp. v. CAT
Contracting, Inc., 964 S.W.2d 276, 286-87 (Tex. 1998).

In reviewing a factual sufficiency challenge, we
consider all of the evidence and uphold the finding unless the evidence is too
weak to support it or the finding is so against the overwhelming weight of the
evidence as to be manifestly unjust.  Westech
Eng=g, Inc.
v. Clearwater Constructors, Inc., a Div. Of Phelps, Inc., 835 S.W.2d 190,
196 (Tex. App.CAustin
1992, no writ). 








We review an award of attorney=s fees under an abuse of discretion
standard.  Cordova v. Sw. Bell Yellow
Pages, Inc., 148 S.W.3d 441, 445 (Tex.
App.CEl Paso
2004, no pet.).  A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner or when it acts
without reference to any guiding principle. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  Even though the appropriate standard of
review is abuse of discretion, we may nevertheless review a fee award for sufficiency
of the evidence.  Stewart Title Guar.
Co. v. Sterling, 822 S.W.2d 1, 11 (Tex. 1991).  This hybrid analysis requires a two-pronged
inquiry.  Did the trial court have
sufficient information upon which to exercise discretion and, if so, did the
trial court err in the application of its discretion?  Cordova, 148 S.W.3d at 446.

                                                                   IV.
Discussion

A.  Was
the Parties= Oral
Contract Void for Lack of Consideration?

Belew argues initially that there was no
consideration for the promise to pay Rector commissions on the sale of Desert
Willow lots because he was not required to perform any services.  Rector responds that Belew may not raise this
issue on appeal because it was not pleaded as an affirmative defense or in
response to his assertion that all conditions precedent had been satisfied or,
alternatively, that Belew=s
partial performance constituted consideration.

Tex. R.
Civ. P. 94 requires that affirmative defenses be pleaded and provides
several examples of matters, including failure of consideration, which
constitute an affirmative defense.  Lack
of consideration is not listed in Rule 94.[4]  Rector argues that it still must be pleaded,
however, because the rule extends not just to those affirmative defenses
specifically listed but also to Aany
other matter constituting an avoidance or affirmative defense.@

An affirmative defense is Aa
denial of the plaintiff=s
right to judgment even if the plaintiff establishes every allegation in its
pleadings.@  Bracton Corp. v. Evans Constr. Co.,
784 S.W.2d 708, 710 (Tex. App.CHouston
[14th Dist.] 1990, no writ).  An
affirmative defense allows the defendant to introduce evidence to establish an
independent reason why the plaintiff should not prevail; it does not rebut the
factual proposition of the plaintiff=s
pleading.  Heggy v. Am. Trading
Employee Ret. Account Plan, 123 S.W.3d 770, 778 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  








Lack of consideration does not fall within the definition
of affirmative defense because it does not provide an independent reason to
find against the plaintiff B
it goes directly to the plaintiff=s
cause of action. Consideration is a fundamental element of every valid
contract.  Roark v. Stallworth Oil
& Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991). 
Rector was necessarily required to establish that an offer had been
made, that it had been unconditionally accepted, and that valuable
consideration had passed between the parties. 
Turner-Bass Assocs. of Tyler v. Williamson, 932 S.W.2d 219, 222
(Tex. App.CTyler
1996, writ denied).  Belew, therefore,
was not required to plead lack of consideration as an affirmative defense.

Tex. R.
Civ. P. 54 provides that, when a party pleads that all conditions
precedent have been performed, it is required to prove only those matters which
are specifically denied.  Rector pleaded
that he had fully performed his contractual obligations.  Because Belew filed only a general denial,
Rector contends that he was not required to prove consideration.  Belew responds that lack of consideration
refers to whether a valid contract was created, rather than whether contingent
future conduct occurred, and, therefore, that Rule 54 does not apply.

A condition precedent is an event that must happen
or be performed before a right can accrue to enforce an obligation.  Centex Corp. v. Dalton, 840 S.W.2d
952, 956 (Tex.
1992); see also Beard Family P=ship
v. Commercial Indem. Ins. Co., 116 S.W.3d 839, 844 (Tex. App.CAustin
2003, no pet.) (AA
condition precedent that affects a party=s
obligation to perform is an act or event that must occur after the making of a
contract before a right to immediate performance arises and before there may be
a breach of contractual duty.@).  Rector did not contend that he had earned the
Providential transaction commission by specific performance.  His position was that he was entitled to
one-half of the commission on any lot sale regardless of whether he sold the
lot or not. Consequently, we agree with Belew that Rector=s contention did not trigger Rule 54.








Whether the parties=
agreement was supported by consideration depends upon whether the parties had
one or two agreements covering Desert Willow Estates.  Rector argues that the parties had a single
agreement; that Belew partially performed that agreement; and, therefore, that
consideration was present.  See
Pacific Fin. Corp. v. Crouch, 243 S.W.2d 432, 437 (Tex. Civ. App.CTexarkana 1951, no writ) (as a general
rule, if a party performs an agreement in whole or in part, it may not
subsequently assert that the contract lacked consideration). Belew contends
that there was one agreement to share the PDF development fee and a second
agreement concerning any lot sales. 
Because Rector did not sell a lot, Belew argues that he was not entitled
to any commission.

The parties do not dispute that PDF paid Belew
$20,000 for developmental activities, that Recter did legwork on the project,
and that he received one-half of the PDF payment.  It is also undisputed that the only lots
which were sold while Rector was employed by Belew were the ten lots purchased
by Providential and that Rector was not personally involved with this
sale.  The only justification for the
trial court=s award
of one-half of the commission on the Providential transaction, then, is if the
trial court determined that there was only one agreement.  

Belew correctly points out that the parties
distinguished between developmental work and marketing the lots.  There was, however, at least a scintilla of
evidence that the parties=
oral agreement covered both.  In response
to Belew=s
cross-examination about Rector=s
documentation, or lack thereof, Rector testified:

The only way I can say it is that when we went
into that agreement, you agreed and we agreed and you did that, you paid me
half of it, when we did the development. 
And we agreed that I would get half of the commission on the sale of the
lots.[5]  It was a verbal agreement.  There is nothing in writing on that.

 

The conflicting evidence was sufficient to allow the trial court
to conclude that the parties had either one or two agreements.  Because the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony, Cohn,
979 S.W.2d at 696, we must defer to the trial court=s
implied finding that the parties had one agreement.  Belew partially performed on that agreement
and may not now raise lack of consideration as a defense.  








Alternatively, even if we agreed with Belew that
the parties had two separate agreements, the argument she advances on appeal
runs counter to Rule 54.  We have
previously held that Rector=s
claim did not invoke Rule 54 because of his characterization of the parties= agreement.  Belew=s
position, however, is that Rector had to earn any commission by actually
selling a lot and that he was not entitled to share in any commission from her
sales.  Because Rector pleaded that he
had satisfied his contractual obligations, if Belew=s
characterization of the agreement is correct, she was required to specifically
deny Rector=s
compliance if she intended to argue that he had an additional obligation before
earning the disputed commission.  Belew=s first issue is overruled.  

B.  Did
Belew Receive a Commission on the Providential Transaction?

Belew argues that the evidence was legally and
factually insufficient to support the trial court=s
judgment because there was no evidence Belew received any commissions on the
Providential transaction during Rector=s
employment.  Belew acknowledged the
warranty deed from PDF to Providential but testified that, because of their
side agreement to defer compensation for a lot=s
sale until a house had been built and sold, she did not receive any commissions
during Rector=s
employment.  Belew contends that, because
Rector did not dispute this testimony, there was no evidence to support the
trial court=s
judgment.  Belew reasons that the
warranty deed is evidence that Providential purchased ten lots but that it is
not evidence that Providential paid any commission.

Because Belew operated her real estate company as
a sole proprietorship and also owned interests in PDF and Providential, it is
easy to understand how the distinctions between her various roles could
blur.  It is also easy to appreciate why
Belew would facilitate the project=s
development by agreeing to defer the payment of any commission until the final
closing of a house sale.  Belew fails to
acknowledge, however, the distinction between earning and receiving a
commission.

Belew=s
testimony confirms the accuracy of the pricing spreadsheet.  She testified that one of PDF=s owners provided the numbers and did
the calculations; that, when she built and sold a house on one of the
Providential lots, she received a commission for that lot; and that the amount
she received was the amount shown on the spreadsheet.  She testified that the lot=s retail price included the
commission.  She received the lot
commission because she was responsible for the Providential transaction.  This testimony is sufficient to allow the trial
court to conclude that, when Belew sold the lots, she did so on behalf of her
real estate company.  The commission for
that sale would have been earned on the date of the sale.  The warranty deed from PDF to Providential
does not condition payment on the successful sale of a subsequently built
home.  The mere fact that Belew may have
agreed to defer payment of the commission does not alter this premise.  The evidence is legally and factually
sufficient to support the trial court=s
judgment.  Belew=s
second issue is overruled.  In light of
this holding, it is unnecessary for us to address Belew=s
quantum meruit claim, and her third issue is also overruled.








C.  Did
Rector Prove Presentment of His Claim for Attorney=s Fees?

Belew argues that the trial court abused its
discretion by awarding attorney=s
fees because Rector failed to prove presentment as required by Tex. Civ. Prac. & Rem. Code Ann. ' 38.001(8) (Vernon 1997).  This statute authorizes the award of attorney=s fees to successful breach of contract
claimants.  To recover fees, Tex. Civ. Prac. & Rem. Code Ann. ' 38.002 (Vernon 1997) requires:

(1) the claimant must be represented by an
attorney;

 

(2) the claimant must present the claim to the
opposing party or to a duly authorized agent of the opposing party; and

 

(3) payment for the just amount owed must not have
been tendered before the expiration of the 30th day after the claim is
presented.

 

A party is required to present its claim at least
thirty days before trial to provide the defendant with an opportunity to pay
the claim without incurring attorney=s
fees.  Jones v. Kelley, 614 S.W.2d
95, 100 (Tex. 1981).  The statute does
not require any particular form of presentment. 
Id.  It may be done orally
or in writing.  Id.  It may be accomplished with requests for
admission.  Welch v. Gammage, 545
S.W.2d 223, 226 (Tex. Civ. App.CAustin
1976, writ ref=d
n.r.e.).  It need not be done by
counsel.  Sunbeam Envtl. Servs., Inc.
v. Tex. Workers=
Comp. Ins. Facility, 71 S.W.3d 846, 851 (Tex. App.CAustin
2002, no pet.).  Merely filing a breach
of contract claim, however, is insufficient. 
Mackey v. Mackey, 721 S.W.2d 575, 579 (Tex. App.CCorpus Christi 1986, no writ).

Rector argues that the record is sufficient to
establish that he presented his claim more than thirty days before trial or,
alternatively, that Belew=s
contention is barred by Rule 54.  The
record does not contain a specific demand from Rector.  It does confirm that, prior to suit being
filed, Belew=s counsel
attempted to contact Rector to discuss the dispute and that he and Rector=s counsel had some settlement
discussions.








This testimony is insufficient to establish
presentment because it does not prove that prior to trial Belew had the
opportunity, by undertaking specific action, to avoid paying attorney=s fees. 
However, because Rector pleaded that all conditions precedent had been
met, Belew was obligated to affirmatively deny presentment.  This she did not do.  Rector, therefore, was not obligated to
produce specific evidence of presentment. 
See Knupp v. Miller, 858 S.W.2d 945, 955 (Tex. App.CBeaumont 1993, writ denied) (defendant=s failure to deny that all conditions
precedent had been met justified the trial court=s
award of attorney=s
fees).  Belew=s
fourth issue is overruled.

                                                         V. Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

August 3, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Rector
also contended that he was entitled to commissions of $1,125 and $847.50 for
the sales of two other residences.  Belew
agreed that he was entitled to these commissions.





     [2]Belew
also owns a portion of Providential.





     [3]Rector
did not claim any entitlement to the commission for the subsequent sale of
Belew=s house but claimed a commission only for the lot on
which it was built.





     [4]The
terms Afailure of consideration@ and Alack of consideration@ have
sometimes been used interchangeably, but they represent different
defenses.  Lack of consideration refers
to a contract that lacks mutuality of obligation.  Fed. Sign v. Tex. S. Univ., 951 S.W.2d
401, 409 (Tex. 1997).  Failure of
consideration occurs when, due to a supervening cause after an agreement is
reached, the promised performance fails. 
US Bank, N.A. v. Prestige Ford Garland Ltd. P=ship, 170
S.W.3d 272, 279  (Tex. App.CDallas 2005, no pet.). 
The distinction between the two is that lack of consideration exists, if
at all, immediately after the execution of a contract while failure of
consideration arises because of subsequent events.





     [5]Belew
represented herself at trial.