**Affirmed and Memorandum Opinion filed August 18, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00341-CV

### RICHARD ST. GERMAIN, Appellant

### V.

### ENHUI ST. GERMAIN, Appellee

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2014-15779**

## M E M O R A N D U M   O P I N I O N

Appellee Enhui St. Germain filed for a protective order against her husband, appellant Richard St. Germain, and the trial court granted appellee's application. In his first issue, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's findings that family violence had occurred and was likely to occur in the future. We hold the evidence was legally and factually sufficient to support both findings.

In his second issue, appellant contends the trial court erred in precluding

cross-examination concerning appellee's immigration status. In his third issue, appellant argues the trial court erred by holding a protective-order hearing with only forty-eight hours' notice and no discovery. We conclude neither issue was preserved for appellate review. We affirm the judgment of the trial court.

## BACKGROUND

Appellee Enhui St. Germain married appellant Richard St. Germain in early 2012. Testifying through an interpreter, Enhui detailed a history of abuse. Enhui stated that appellant was frequently intoxicated, and violence occurred as a result. The first incident occurred in April 2013. Enhui was sound asleep when appellant came to the bed intoxicated and kicked her in the thigh.

Enhui stated that the two most serious incidents occurred later that year. In November, the couple were cutting meat in the kitchen when appellant took a knife and put it against Enhui's throat because he did not like the way they were talking. Enhui felt frightened and began shaking. She struggled and repeatedly asked, "Why, why? I'm gonna die." According to Enhui, appellant replied: "If you keep on talking. Keep on talking." Enhui kept repeating, "I'm gonna die. I'm gonna die soon." She stopped when appellant released her.

The next serious incident occurred in December 2013. According to Enhui, the couple were watching television in the living room when appellant wrapped both of his hands around her neck and started choking her because he did not like the subject they were discussing. Enhui struggled until appellant stopped. Afterward, she threatened to call the police, to which appellant responded, "There's no Chinese policeman."

The breaking point for Enhui came in March 2014. Appellant woke up at 3:30 p.m., and Enhui asked him what he wanted to eat. Appellant replied that it

was too late, and an argument ensued. Enhui stated that due to her language barrier, she could not articulate her thoughts well. She used a Chinese expression to indicate to appellant that she was angry, and appellant grabbed a knife and pushed her onto the sofa. He placed her face down with her hands behind her back. Appellant put the knife against the back of her neck, and she began to struggle. Appellant moved the knife to different locations on Enhui's body and then cut her forearm. After appellant let her go, Enhui tried to grab each one of the phones in the house in order to call the police, but appellant obtained all three. Enhui stated that she felt too weak to fight. Appellant suggested that she not report the incident to the police because there were no policemen in the area who could speak Chinese. Enhui awoke at approximately two o'clock in the morning, but appellant was still up, so she returned to bed. When Enhui awoke at approximately eight o'clock the next morning, appellant was in the living room drinking alcohol. Enhui waited until appellant went to sleep and then contacted the police.

At first, the police could not understand Enhui's English, so they called her back after they located someone who could speak Mandarin. The police later came to the house and arrested appellant. Enhui was taken to the emergency room because her blood pressure was dangerously high. Enhui did not return to the house after the incident.

Instead, Enhui went to a shelter and filed an application for a protective order. She testified at the hearing that if the court did not grant the protective order, she was afraid appellant would seek revenge. Three pictures were introduced into evidence as exhibits 1, 2, and 3. Exhibit 1 shows the cut that Enhui testified appellant had inflicted on her, exhibit 2 is a picture of the knife appellant used, and exhibit 3 is a picture of Enhui's face. Appellant's son also testified at the hearing, stating he had not seen or heard any acts of violence between the parties.

At the conclusion of the hearing, the trial court granted Enhui's application for a protective order, finding that appellant had committed family violence and that family violence was likely to occur in the future. This appeal followed.

ANALYSIS

I. **The evidence is legally and factually sufficient to support the trial court's issuance of a protective order.**

In his first issue, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's findings that family violence had occurred and was likely to occur in the future. When the trial court acts as a factfinder, we review its findings under the legal and factual sufficiency standards.[1] *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *Vongontard v. Tippit*, 137 S.W.3d 109, 112 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

In a legal sufficiency challenge, we view the evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 807, 827; *In re A.M.*, 418 S.W.3d 830, 838–39 (Tex. App.—Dallas 2013, no pet.).

A legal sufficiency challenge to a family violence protective order may be

---

[1] The intermediate courts of appeals disagree as to the standard of review to be applied. *Compare In re Epperson*, 213 S.W.3d 541, 542 (Tex. App.—Texarkana 2007, no pet.) (applying abuse of discretion standard of review because protective order provides injunctive relief), *with Ulmer v. Ulmer*, 130 S.W.3d 294, 296–97, 299–300 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (recognizing that protective order provides injunctive relief but applying the legal and factual sufficiency standard of review). Our Court reviews protective order cases under the legal and factual sufficiency standard of review. We note the Supreme Court of Texas indicates that the legal and factual sufficiency standard should be used when the trial court has no discretion over the order. *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000) (applying the legal and factual sufficiency standard in case under Tex. Fam. Code § 33.004(i) because the statute provided court "shall" enter an order if the minor is "mature and sufficiently well informed").

4

sustained only when "(1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact." *In re F.K.M.*, No. 05–11–00276–CV, 2012 WL 939271, at \*3 (Tex. App.—Dallas Mar. 19, 2012, no pet.) (mem. op.) (quoting *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998)). If more than a scintilla of evidence exists, it is legally sufficient. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.* at 782–83.

When reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We will set aside a fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). The trier of fact is the sole judge of the credibility of the witnesses and the weight to afford their testimony. *GTE Mobilnet of S. Tex. Ltd. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We will not substitute our judgment for that of the trial court merely because we might reach a different conclusion. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998); *Cohn v. Comm'n for Lawyer Discipline*, 979 S.W.2d 694, 696 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

A court shall render a protective order if the court finds that family violence has occurred and is likely to occur in the future. Tex. Fam. Code Ann. § 81.001

(West 2014).  "Family violence" is defined, in pertinent part, as an

> act by a member of a family . . . against another member of the family . . . that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

Tex. Fam. Code Ann. § 71.004(1) (West 2014).  "Family" is defined to include individuals who are husband and wife.  Tex. Fam. Code Ann. § 71.003 (West 2014).  "Given the remedial nature of [the Family Code's protective order provisions], courts should broadly construe its provisions so as to effectuate its humanitarian and preventative purposes."  *Boyd v. Palmore*, 425 S.W.3d 425, 430 (Tex. App.–Houston [1st Dist.] 2011, no pet.).

Appellant argues the evidence is insufficient because Enhui failed to mention some of the family violence incidents in her affidavit.  Appellant contends Enhui did not mention any knife attack before the hearing and could not produce any competent evidence that family violence was likely to occur in the future.

Appellant does not indicate the significance of the omission of any family violence incidents from Enhui's affidavit.  An application for a standard protective order need only contain (1) the name and county of residence of the applicant, (2) the name and county of residence of the individual alleged to have committed family violence, (3) the relationship between the applicant and the individual, (4) a request for a protective order, and (5) whether an applicant is receiving services from the Title IV-D agency in connection with a child support case and, if known, the agency case number for each open case.  Tex. Fam. Code Ann. § 82.004 (West 2014).  Enhui's application met these requirements.  In addition, we note that the affidavit does in fact detail the family violence incidents that occurred in November 2013, December 2013, and March 2014.  Enhui's affidavit also

mentions that appellant used a knife during the November and March incidents.

In any event, we hold the evidence is legally and factually sufficient to support the trial court's conclusion that family violence had occurred and was likely to occur in the future. Enhui testified about several incidents of violence that occurred between her and appellant. Two of those incidents involved a knife, and a picture demonstrating a cut she suffered appears in our record. Accordingly, there is more than a scintilla of evidence that family violence occurred in the past. Furthermore, considering the continuing pattern of appellant's behavior and Enhui's stated fear that appellant would exact revenge on her, we conclude the evidence is legally sufficient to support the trial court's finding that appellant would likely commit acts of family violence in the future. *See In re Epperson*, 213 S.W.3d 541, 543–44 (Tex. App.—Texarkana 2007, no pet.) (concluding past and continuing pattern of behavior showed applicant was reasonable in fearing appellant would commit acts of family violence in the future); *see also Teel v. Shifflett*, 309 S.W.3d 597, 604 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("The trial court reasonably could have concluded that future violence is likely to occur based on the testimony showing a pattern of violent behavior.").

In addition, we hold the trial court's findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The only evidence offered to rebut Enhui's testimony was the testimony of appellant's son, who denied ever seeing any acts of violence between Enhui and appellant but acknowledged Enhui told him appellant had put her against the sofa and cut her arm with a knife. To the extent, if any, that the two witnesses provided contradicting testimony, the trial court was entitled to credit Enhui's testimony over the testimony of appellant's son. *See Pascouet*, 61 S.W.3d at 615–16; *Boyd*, 425 S.W.3d at 431 (holding trial court was free to place greater weight on

applicant's testimony when making family violence finding). We overrule appellant's first issue.

## II. The trial court did not abuse its discretion in preventing cross-examination into appellee's immigration status.

In his second issue, appellant contends the trial court erred by precluding cross-examination regarding Enhui's immigration status. The decision to admit or exclude evidence lies within the sound discretion of the trial court. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). A trial court exceeds its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Caffe Ribs, Inc. v. State*, 328 S.W.3d 919, 927 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002)). When reviewing matters committed to the trial court's discretion, a reviewing court may not substitute its own judgment for that of the trial court. *Caffe Ribs, Inc*. 328 S.W.3d at 927. A ruling that admits or excludes evidence will not result in reversible error unless the excluded evidence is determinative of the case.[2] Tex. R. App. P. 44.1; *Tex. Dept. of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *Ashland Inc. v. Harris County Appraisal Dist.*, 437 S.W.3d 50, 55-56 (Tex. App.—Houston [14th Dist.] 2014, pet. pending).

Rule 103(a)(2) of the Texas Rules of Evidence provides that error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected, and the substance of the objection was made known to the trial court by offer of proof. Tex. R. Evid. 103(a)(2). To preserve error, an offer of proof must show the nature of the evidence specifically enough so that the

---

[2] Appellant contends that Rule 44.2 of the Texas Rules of Appellate Procedure is applicable to this case, but as indicated by its title, Rule 44.2 is applicable in criminal cases. Rule 44.1 applies to protective order cases. *See Wilkerson v. Wilkerson*, 321 S.W.3d 110, 123 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (applying harm analysis of rule 44.1 to evidence challenges in protective order case).

reviewing court can determine its admissibility. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The offer of proof may be made by counsel, who should reasonably and specifically summarize the evidence offered and state its relevance, unless already apparent. *Id.* If counsel makes such an offer, he must describe the actual content of the testimony and not merely comment on the reasons for it. *Id.*

Appellant contends that the federal Violence Against Women Act provided a motive for Enhui to make a complaint because the Act allows the abused spouse of a United States citizen to apply for an immigration visa. The trial court thus abused its discretion, appellant asserts, by preventing cross-examination on Enhui's immigration status.

Appellant's trial counsel did not preserve any error for our review because he failed to make an offer of proof after the trial court sustained the relevance objection to the question regarding Enhui's immigration status. Moreover, it is not clear that cross-examination was materially limited regarding the theory appellant advances because appellant's trial counsel was permitted to ask Enhui whether she sought the protective order for immigration purposes. She replied, "No." Appellant's trial counsel was also able to ask Enhui if she had ever heard of the Violence Against Women Act, and Enhui testified that she had not. Appellant was thus permitted to inquire into Enhui's possible motives for filing a protective order application. In light of her responses, there is no evidence of any relationship between Enhui's immigration status, whatever that may be,[3] and her testimony concerning appellant's violent behavior. Thus, the trial court did not abuse its discretion in sustaining the relevance objection to the question regarding Enhui's immigration status. *See TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241–42, 244

---

[3] Though not entirely clear from the record, it appears Enhui may be a Chinese national.

9

(Tex. 2010) (holding evidence of immigration status unrelated to merits of claims was not admissible, and noting that the "only context in which courts have widely accepted using [immigration status] evidence for impeachment is in criminal trials, where a government witness's immigration status may indicate bias, particularly where the witness traded testimony for sanctuary from deportation"). We overrule appellant's second issue.

## III. Appellant failed to preserve his notice and discovery complaints for appellate review.

In his third issue, appellant contends the trial court "erred in holding such a summary proceeding without providing" him the "right to properly prepare." Appellant asserts that it is "incredibly unfair and constitutionally repugnant to expect him in 48 hours, with no discovery right[,] to adequately cross-examine and refute the claims" of Enhui.[4] Appellant states that he requested a continuance prior to the hearing, but that the request was denied.

We conclude appellant failed to preserve these complaints for appellate review. The record does not contain a motion for continuance. To present a complaint for appellate review, the record must show that the complaint was communicated to the trial court by a timely motion, request, or objection complying with the requirements of the rules of civil procedure. Tex. R. App. P. 33.1(a). The Texas Rules of Civil Procedure state that a continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251; *see, e.g.*, *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (holding appellant failed to preserve error regarding denial of oral motion for

---

[4] It appears from the record that appellant received more than forty-eight hours' notice. He was served with a copy of the protective order on April 1, 2014, and the protective order hearing was held on April 9, 2014.

10

continuance because it was not submitted with a supporting affidavit).

As to appellant's discovery complaint, he has not directed this Court to any specific authority addressing discovery in proceedings concerning protective orders. Appellant seems to assert that he has no right to discovery in this case, but in the absence of a specific provision, the general discovery provisions of the Texas Rules of Civil Procedure would apply. *See* Tex. R. Civ. P. 190–215.6. A request for discovery must be filed thirty days before the end of the discovery period, which ends thirty days before trial. *See* Tex. R. Civ. P. 190.3, 194.1. We recognize this deadline is impossible to comply with under the expedited hearing schedule for protective orders. But the record does not contain any request by appellant to obtain discovery or modify the default deadlines, and appellant has not argued that he filed such a motion. Because no motion for continuance or request for discovery appears in the record, we conclude appellant failed to preserve these complaints for appellate review.

Although he has not made it a separate issue in his brief, appellant's arguments under his third issue do question the constitutionality of the prompt nature of protective order proceedings. Other than broadly asserting that protective orders are "wholly violative of Due Process as protected under the 5th, 6th, and 14th Amendments of the US Constitution and by the Texas Constitution," however, he provides no authority to support his contention.

The Family Code requires a hearing to be held on an application for family protective order within 14 days of the filing of the application, with few exceptions permitted to continue the hearing. Tex. Fam. Code Ann. § 84.001(a) (West 2014). The short deadline recognizes the need for prompt resolution of the applicant's request. *See Barbee v. Barbee*, 12-09-00151-CV, 2010 WL 4132766, at *6 (Tex. App.—Tyler Oct. 20, 2010, no pet.). The Family Code requires that the defendant

receive a notice and a hearing. Tex. Fam. Code Ann. § 82.043(a) (West 2014) ("Each respondent to an application for a protective order is entitled to service of notice of an application for a protective order."); *id.* § 84.001(a) ("On the filing of an application for a protective order, the court shall set a date and time for the hearing unless a later date is requested by the applicant."). Appellant received both and has not contended otherwise. In addition, appellant raised no constitutional argument in the trial court below. Thus, his undeveloped complaint on appeal that he did not receive due process is not preserved for our review. We overrule appellant's third issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/     J. Brett Busby
        Justice



Panel consists of Justices Jamison, Busby, and Brown.