Mark T. SANDOVAL, Appellant,

v.

COMMISSION FOR LAWYER
DISCIPLINE, Appellee.

No. 14–97–01046–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 8, 2000.

Rehearing Overruled Sept. 7, 2000.

Wayne Paris, Houston, for appellants.

Marshall D. Brown, Jr., Houston, Linda A. Acevedo, Austin, for appellees.

Panel consists of Justices SEARS, DRAUGHN, and HUTSON–DUNN.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

Based on a jury's verdict, the trial judge found that Mark T. Sandoval committed professional misconduct in violation of Rule 8.04(a)(3) of the *Texas Disciplinary Rules of Professional Conduct* and imposed a three year suspension from the practice of law. In four issues, Sandoval argues the trial judge erred in denying his plea in abatement and allowing evidence to be introduced concerning his alleged failure to provide information to the grievance committee; the evidence was legally and factually insufficient; and the penalty imposed was excessive and an abuse of discretion. We affirm.

### Background Facts

Shauntrell Moses retained Sandoval to represent her in the wrongful death of her child, and subsequently hired him to represent her son's biological father, John E. Williams, in a criminal matter. After being retained by Moses, Sandoval represented to the wrongful-death defendant's insurance carrier that he represented both Williams and Moses in the wrongful-death suit. Sandoval later settled the wrongful-death case for $168,750. The settlement

---

* Senior Justices Ross A. Sears, Joe L. Draughn, and D. Camille Hutson–Dunn sitting by as-    signment.

check was made payable to Moses, Williams and Sandoval. During the time Sandoval represented himself as Williams' attorney in the wrongful death claim, Williams was in the Harris County Jail.

Williams, however did not hire Sandoval to represent him in the wrongful death action. He never signed a Power of Attorney or employment contract with Sandoval regarding the death of his son. Additionally, Williams never authorized Sandoval to represent him, to act on his behalf, sign settlement papers, sign settlement drafts, or to represent to anyone that Sandoval was his attorney and/or was entitled to act on his behalf in the matter of his son's death.

Although the check was endorsed and negotiated, Williams never signed the check. Additionally, Williams never signed the release, which was notarized by Sandoval's legal secretary and approved by Sandoval. His signature was forged on the check and on the release.

Sandoval argued at trial he had a Power of Attorney from Williams, but this document was never produced. Additionally, the Final Settlement Statement Sandoval prepared is signed only by Shauntrell Moses and is styled "Final Settlement Statement: Shauntrell Moses." The check Sandoval made payable to himself for his fees only includes Moses' name. This check also includes a $10,000 invoice for Sandoval's representation of Williams in his criminal matter. However, Sandoval was fired before the case was concluded. Also, Sandoval's check to Moses had only her name as payee and in the memo portion of the check. There was no mention of Williams.

The Commission initiated disciplinary proceedings against Sandoval based upon this conduct, which led to the jury trial. The jury found Sandoval had not entered into an attorney-client relationship with Williams and found Sandoval engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation.

## Points of Error

■ In his first issue, Sandoval argues the trial court erred in denying his plea in abatement, which raised procedural complaints regarding the Disciplinary Commission's pre-suit actions. At Sandoval's request, this case was governed by Part III of the Rules of Disciplinary Procedure. *See Diaz v. Commission for Lawyer Discipline*, 953 S.W.2d 435, 437 (Tex.App.-Austin 1997, no pet.). As the Austin Court of Appeals in *Diaz* stated regarding pre-suit actions of the Disciplinary Commission:

[T]he various provisions in Part III make it quite clear that district court proceedings thereunder are original and independent proceedings. They are not proceedings in which the court is called upon to *review* an action taken in the administrative proceedings that were interrupted by the lawyer's removal of the case to district court. In such court proceedings, "the Texas Rules of Civil Procedure apply" save as they may be varied by the Rules of Disciplinary Procedure. Tex.R. Disciplinary P. 3.08(b). In ordinary civil suits in district court, a plaintiff may join as independent claims "as many claims ... as he may have against an opposing party." Tex.R. Civ. P. 51(a). Nothing in the Rules of Disciplinary Procedure purports to vary [Civil Procedure] Rule 51(a).

953 S.W.2d at 437; *see Hawkins v. Commission for Lawyer Discipline*, 988 S.W.2d 927, 939 (Tex.App.-El Paso, pet. denied), *cert. denied,* —— U.S. ——, 120 S.Ct. 1426, 146 L.Ed.2d 317 (2000). Thus, Sandoval's procedural complaints regarding alleged violations by the Disciplinary Commission were adequately answered during his trial. *See id.* Sandoval received notice of the claims against him and received a full trial on these claims and on his defenses. *See id.* Accordingly, the trial court did not err in denying his plea in abatement, and we overrule his first issue.

In his second and third issue, Sandoval argues the evidence is legally and factually insufficient to show he engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. However, he did not provide a complete reporter's record on appeal, nor did he attempt to designate a partial reporter's record pursuant to Appellate Rule 34.6.[1] Under the current Appellate Rules, a party who properly designates certain portions of the reporter's record may appeal a sufficiency point without a complete record—and the appellate court is to presume the incomplete record is complete for purposes of the appeal. *See* Tex.R.App. P. 34.6(c)(4); John Hill Cayce, Jr., Anne Gardner and Felicia Harris Kyle, *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 Baylor L.Rev. 867, 925–26 (1997); *see also Hilton v. Hillman Distributing Co.*, 12 S.W.3d 846, 847–48 (Tex. App.-Texarkana 2000, no pet.). Because Sandoval did not file a complete record on appeal, or comply with the partial reporter's record provisions of Appellate Rule 34.6, we continue to presume the omitted portions of the reporter's record support the judgment. *See* Tex.R.App. P. 34.6(c)(4); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991); *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 440 (Tex.App.-Fort Worth 1999, no pet.). Accordingly, we overrule Sandoval's sufficiency issues.

In his fourth issue, Sandoval asserts the trial judge abused its discretion in suspending him from the practice of law for three years. The trial judge has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred. *See State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex.1994). Furthermore, the trial judge must consider a multitude of factors to determine the appropriate sanction. *See* Tex.R. Disciplinary P. 3.10. We cannot determine, however, what factors the trial judge considered because the reporter's record for the sanctions hearing was not sent to this court. Because we must presume the omitted evidence would support the trial court's sanction decision, *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990), we overrule Sandoval's fourth issue.

Having overruled each of Sandoval's four issues, we affirm the trial court's judgment.

---

1. This Court entered the following order on June 3, 1999:

Appellant's notice of appeal was filed September 24, 1997. A partial reporter's record was filed on March 8, 1999. A substitute court reporter, Kathleen S. Keese, reported part of the trial, and that part of the reporter's record has not been filed. Appellant did not timely file an affidavit of indigence. The Clerk of this court notified appellant on January 22, 1998, June 18, 1998, and on December 7, 1998, that, unless he paid or made arrangements to pay the court reporter for preparing the record, and provided this court with proof of payment, the court would consider and decide the appeal without [the missing portions of] the reporter's record.

On May 24, 1999, appellant filed a motion for extension of time to file his brief until thirty days after the remainder of the reporter's record is filed with this court.

On May 28, 1999, Kathleen S. Keese informed this Court that appellant had neither requested nor made arrangements for payment for preparation of the portion of the reporter's record that she reported. Therefore, the court will consider and decide the appeal based on the reporter's record on file.