NO.
12-05-00313-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

DAVID K. EVERSON AND

PATRICIA M. EVERSON,  §          APPEAL
FROM THE 

APPELLANTS

 

V.        §          COUNTY
COURT OF

 

MINEOLA COMMUNITY BANK,
S.S.B.,

APPELLEE   §          UPSHUR
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            David K.
Everson and Patricia M. Everson appeal from the trial court’s judgment in this
forcible detainer case brought by Mineola Community Bank (MCB).  In fourteen issues, the Eversons contend the
trial court did not have jurisdiction and complain of the admissibility of
certain evidence and the sufficiency of the evidence to support the
judgment.  We affirm.

 

Background

            The
Eversons bought a home located at 1765 Crabapple Road, Big Sandy, Texas with
money they borrowed from MCB.  Due to
their failure to make the payments, MCB foreclosed and, due to the Eversons’
failure to vacate, MCB filed a forcible detainer action.  The Upshur County Justice Court determined
that MCB had the right to immediate possession of the property and that the
Eversons failed to establish their inability to pay costs.  The Eversons appealed to County Court where
the issue of inability to pay costs was again decided against them and
possession was again decided in favor of MCB. 
The issue of the monthly rental value of the property was submitted to the
jury, which returned a verdict of $3,150.00. 
Based on the jury’s verdict, the trial court determined that the
Eversons owed MCB $14,700.00 for back rent plus $105.00 a day until they
vacated the home.








            The
Eversons appealed the trial court’s judgment to this court pro se.  They requested a reporter’s record, which was
to include the “entire proceeding.”  They
also filed a document entitled “Defendants’ Statement of Issues to be Raised on
Appeal” citing Rule of Appellate Procedure 34.6(c)(1), which applies when an
appellant requests a partial reporter’s record. 
Although the reporter informed the Eversons that the record would cost
them $1,500.00 and had to be paid for before she would begin production, they
sent her a check for $750.00, which the reporter returned.  Because the court reporter was not paid, she
did not prepare the reporter’s record. 
After notice and an opportunity to cure, this court ordered the cause to
be submitted on the clerk’s record alone pursuant to Rule of Appellate
Procedure 37.3(c).  

Sufficiency
of the Evidence

            In
their first, second, and third issues, the Eversons contend the evidence is
factually insufficient to support the jury’s finding of the amount of the
monthly fair market rental value.  In
their tenth issue, they assert the evidence is legally and factually
insufficient to support a finding that a landlord-tenant relationship existed
between the parties.  In their thirteenth
and fourteenth issues, the Eversons contend the trial court erred in denying
their motion for new trial, which complained of insufficient evidence.  They argue that because they filed a “Statement
of Issues to be Raised on Appeal,” their failure to file a complete record
should not prejudice them.

            The
Eversons were responsible for paying for the preparation of the reporter’s
record.  Tex. R. App. P. 35.3(b)(3), 37.3(c)(2).  They have not paid the fee, made arrangements
to pay the fee, or established entitlement to appeal without paying for the
reporter’s record.  See Tex. R. App. P. 37.3(c)(2).  This court gave them notice of the deficiency
and afforded them a reasonable opportunity to cure it, but they failed to do
so.  Rule 34.6(c) provides a method for
obtaining a partial reporter’s record.  Tex. R. App. P. 34.6(c).  Simply filing a statement of issues does not
constitute compliance with that rule. 
Further, the appellants must pay for whatever portion of the record they
request to be transcribed and filed. 
Because the Eversons neither complied with the requirements of Rule
34.6(c) regarding reliance on a partial reporter’s record nor filed a complete
reporter’s record, we presume that the omitted portions support the
judgment.  See Tex. R. App. P. 34.6(c); Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990).  Without a reporter’s record, the Eversons
cannot demonstrate that the evidence is insufficient to support the
judgment.  See Sandoval v. Comm’n
for Lawyer Discipline, 25 S.W.3d 720, 722 (Tex. App.–Houston [14th
Dist.] 2000, pet. denied).  We overrule
the Eversons’ first, second, third, tenth, thirteenth, and fourteenth issues.

 

Admissibility
of Evidence

            In
their fourth through ninth issues, the Eversons contend the trial court erred
in admitting into evidence the deed of trust and the correction trustee’s deed
to the home.  They assert that the
evidence is insufficient to show that the original deed was valid or that there
was a “proper evidentiary foundation” for the correction trustee’s deed.  They argue that the correction trustee’s deed
is incomplete and recited an invalid deed. 

            The
admission or exclusion of evidence is a matter within the trial court’s
discretion.  Interstate
Northborough P’ship v. State, 66 S.W.3d 213, 220 (Tex. 2001).  Without a reporter’s record, we cannot review
the trial court’s ruling for an abuse of discretion.  Willms v. Americas Tire Co.,
190 S.W.3d 796, 803 (Tex. App.–Dallas 2006, pet. denied).  We overrule the Eversons’ fourth through
ninth issues.

Jurisdiction

            In
their eleventh and twelfth issues, the Eversons assert that the County Court
did not have jurisdiction over this suit and erred in denying their plea to the
jurisdiction.  They argue that the deed
of trust and trustee’s deed relied on by MCB are invalid and cannot be used to
prove the existence of a landlord/tenant relationship between the parties.  In the absence of such a relationship, a
forcible detainer action is improper and, they contend, MCB must have the title
issue resolved in district court before pursuing resolution of the possession
issue.

            A
plea to the jurisdiction contests the trial court’s authority to determine the
subject matter of the cause of action.  Cornyn
v. County of Hill, 10 S.W.3d 424, 427 (Tex. App. -- Waco 2000, no
pet.).  Subject matter jurisdiction is a
legal question, and the plea to the jurisdiction is reviewed under a de novo
standard of review.  Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  Dismissing a cause of action for lack of
subject matter jurisdiction is proper only when it is impossible for the
plaintiff’s petition to confer jurisdiction on the trial court.  Harris County v. Cypress Forest Pub.
Util. Dist., 50 S.W.3d 551, 553 (Tex. App. -- Houston [14th Dist.]
2001, no pet.).  In reviewing a plea to
the jurisdiction, we review the pleadings and any evidence relevant to the
jurisdictional issue.  Texas Dep’t
of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).

            Jurisdiction
of forcible detainer actions is expressly given to the justice court of the
precinct where the property is located and, on appeal, to county courts for a
trial de novo.  Tex. Prop. Code 

Ann. § 24.004 (Vernon 2000).  The right of possession is the only issue in
a forcible detainer action.  Tex. R. Civ. P. 746.  The issue of title cannot be adjudicated in a
forcible detainer action.  Id.  To prevail in a forcible detainer action, a
plaintiff is not required to prove title, but is only required to show
sufficient evidence of ownership to demonstrate a superior right to immediate
possession.   Rice v. Pinney,
51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.).  The right to immediate possession can be
determined separately from the right to title. 
Id. at 710.  The
Eversons are entitled to bring suit in the district court to determine the
question of title.  Id. at
709.

            Therefore,
contrary to the Eversons’ argument that title must be determined first, the county
court was not deprived of jurisdiction on this basis.  Further, in the absence of a record, we are
unable to review the Eversons’ argument that the deed of trust is invalid.  See Christiansen, 782 S.W.2d at
843.  We overrule the Eversons’ eleventh
and twelfth issues.

 

Sanctions

            MCB
contends that this appeal is frivolous and requests this court sanction the
Eversons.  Rule of Appellate Procedure 45
authorizes the court of appeals to award damages to the prevailing party if it
determines that the appeal is frivolous. 
Tex. R. App. P. 45.  

            Whether
to grant sanctions is a matter of discretion, which we exercise with prudence
and caution, and only after careful deliberation.  Conseco Fin. Servicing Corp. v. Klein
Indep. Sch. Dist., 78 S.W.3d 666, 676 (Tex. App.–Houston [14th Dist.]
2002, no pet.).  We will grant sanctions
only in circumstances that are truly egregious. 
Id.  If an appellant’s
argument on appeal fails to convince the court, but has a reasonable basis in
law and constitutes an informed, good faith challenge to the trial court’s
judgment, sanctions are not appropriate. 
Id.  A party’s
decision to appeal should be based on professional judgment made after careful
review of the record for preserved error in light of the applicable standards
of review.  Chapman v. Hootman,
999 S.W.2d 118, 125 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

 

 








 

            While
some of the Eversons’ issues have no reasonable basis in law, the issues
concerning the jury’s finding on rental value present good faith challenges to
the judgment.  We decline to impose
sanctions against the Eversons.

 

 

 

 

Disposition

            We
affirm the trial court’s judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered January 31, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)