Opinion issued May 31, 2007



 








In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00670-CV






PYE'S AUTO SALES, INC. AND SIDNEY T. PYE III,

A/K/A SIDNEY PYE, Appellants


V.


GULF STATES FINANCE COMPANY, Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2003-49589






MEMORANDUM OPINION ON REHEARING

 We grant appellant's motion for rehearing, vacate our May 25, 2006 judgment, 
withdraw our May 25, 2006 opinion, and issue this opinion in its place. 

 Appellants, Pye's Auto Sales, Inc. ("Pye's Auto") and Sidney T. Pye III, appeal
from the judgment of the trial court for appellee, Gulf States Finance Company ("Gulf
States"). Appellants present four issues on appeal. They argue that the trial court
erred (1) in rendering its judgment against Sidney Pye III in his individual capacity
because the evidence is legally insufficient to show that Pye's Auto was used for the
purpose of committing actual fraud for his direct personal benefit; (2) in rendering
judgment against Pye's Auto because the evidence is legally insufficient to show that
Sidney Pye IV had actual or apparent authority to sign agreements on its behalf, or
alternatively, (3) in rendering judgment against Pye's Auto because the evidence is
legally insufficient to show that Pye's Auto ratified the contract with Gulf States; and
(4) in rendering a defective, ambiguous judgment, thus making it unduly difficult to
determine the pecuniary obligations imposed by it. 

 We affirm the judgment. 

BACKGROUND


 Pye's Auto entered into an agreement with Gulf States that the latter would
finance a line of credit for Pye's Auto's customers who wished to purchase an
automobile. In the event that a vehicle had to be repossessed, the contract required
that Pye's Auto would be obligated to pay Gulf States "the full amount charged by
[Pye's Auto] to the applicable [customer] for any extended warranty, mechanical
breakdown or comparable program and the unearned portion of any credit insurance
that relates to the particular Contract." The agreement was signed by Sidney Pye IV
individually, appellant's son.

 Gulf States filed suit alleging that Pye's Auto had breached the contract after
Pye's Auto refused to pay the amount Gulf States alleged Pye's Auto owed for
various extended service contracts on repossessed vehicles. Gulf States requested
that the trial court order Pye's Auto and Sidney Pye III to pay $268,056.92 for the
extended service contracts and $8,617.88 for tax, title, and license fees that Gulf
States had paid on the vehicles. It further asked the trial court to pierce Pye's Auto's
corporate veil and to hold Sidney Pye III individually liable under the "alter ego
theory," arguing that there was true unity of identity between Pye's Auto and Sidney
Pye III. Appellants' reply contended that Sidney Pye III, individually, was a stranger
to the transaction and therefore could not be held liable in his individual capacity
because (1) he was unaware of and did not sign the contract between Pye's Auto and
Gulf States and (2) when he was made aware "that there was money running through
[his] account from Gulf States," he called them and told them to stop depositing
money into Pye's Auto's account.

 During the bench trial, the court admitted 150 plaintiff's exhibits into evidence. 
These exhibits included consumer credit disclosures, the dealer agreement, bank
statements, copies of checks, and summaries of credits due and cash withdrawals. In
their request for the reporter's record, appellants did not request copies of these
exhibits. Appellees made a later request for the exhibits, but apparently withdrew
that request. As a result, these exhibits are not a part of the record on appeal. 

 The court rendered judgment in favor of Gulf States, determining that Gulf
States was entitled to recover the sum of $276,674.77, with $172,551.18 of that
amount to be recovered from Pye's Auto and Sidney Pye III jointly and severally and
the remaining $104,123.59 to be recovered from Pye's Auto. 

DISCUSSION


I. Legal Sufficiency

 In their first three issues, appellants contend that the evidence is legally
insufficient (1) to establish that Pye's Auto was used for the purpose of committing
actual fraud for the benefit of Sidney Pye III, (2) to establish that Sidney Pye IV was
the agent of Pye's Auto, and (3) to establish that Pye's Auto ratified the contract
executed by Sidney Pye IV. In reviewing for legal sufficiency of the evidence, we
must look at all the evidence to determine "whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review." City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). In this case, we cannot look at all the
evidence because the exhibits are not in the record on appeal. 

 A. Partial Record on Appeal

 Texas appellate procedure traditionally placed the burden on the appellant "to
see that a sufficient record [is] presented to show error requiring reversal." See
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (citing Texas Tex. R.
App. P. 50(d) (1986, repealed 1997)). As a corollary to rule 50(d), courts applied the
common-law presumption that an omission from the record was not only relevant to,
but also supported the judgment on appeal. See id. Current Rule of Appellate
Procedure 34.6(c) avoids the common-law presumption, as applied in Christiansen
and Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). 

 Rule 34.6(c), entitled "Partial Reporter's Record," specifies a set of procedures
that apply when "the appellant requests a partial reporter's record," and states in part
as follows:

 (1) Effect on Appellate Points or Issues. If the appellant requests a
partial reporter's record, the appellant must include in the request a
statement of the points or issues to be presented on appeal and will then
be limited to those points or issues.

(2) Other Parties May Designate Additions. Any other party may
designate additional exhibits and portions of the testimony to be
included in the reporter's record.

. . . .


 (4) Presumptions. The appellate court must presume that the partial
reporter's record designated by the parties constitutes the entire record
for purposes of reviewing the stated points or issues.


Tex. R. App. P. 34.6(c)(1)-(2), (4). 


 A codified presumption--"that the partial reporter's record . . . constitutes the
entire record"--thus replaces the common law presumption previously applied under
former rule 50(d) provided that the appellant includes in the request to the court
reporter "a statement of the points or issues to be presented on appeal." Tex. R. App.
P. 34.6(c)(1). We apply this presumption of entirety "even if the statement includes
a point or issue complaining of the legal or factual insufficiency or the evidence to
support a specific factual finding identified in that point or issue." Cf. Christiansen,
782 S.W.2d at 843. 

 An appellant is not, however, entitled to the presumption that the record is
complete for purposes of appeal when, as here, the appellant files an incomplete or
"partial" record on appeal, but does not comply with rule 34.6(c)(1) by also stating
the issues or points on which he will appeal. Sandoval v. Comm'n for Lawyer
Discipline, 25 S.W.3d 720, 722 (Tex. App.--Houston [14 Dist.] 2000, pet. denied). 
To the contrary, we presume that the omitted portions of the reporter's record support
the trial court's judgment. Id. 

 B. Consequences for Legal-Sufficiency Challenge

 Because the appellate rules "are designed to further the resolution of appeals
on the merits," the supreme court has interpreted the rules, "when possible, to achieve
that aim." See Bennett v. Cochran, 96 S.W.3d 227, 229, 230 (Tex. 2002) (holding
that filing of statement of points two months late did not prejudice appellee and was
in substantial compliance with rule); Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d
375, 377 (Tex. 2001) (holding that designation of points in notice of appeal was
sufficient to invoke presumption of complete record). As the court cautioned in
Bennett, however, "litigants should not view our relaxation of rules in a particular
case as endorsing noncompliance." Though we must strive to resolve appeals on their
merits, "litigants who ignore [the] rules do so at the risk of forfeiting appellate relief." 
Bennett, 96 S.W.3d at 230. 

 In this case, appellants did not request the exhibits that were admitted into
evidence. Therefore, appellants requested only a partial record. Because appellants
did not also include a statement of points or issues to be presented on appeal, they are
not entitled to the presumption that the record is complete for purposes of appeal. 

 We hold that, because appellants have relied on a partial record without
complying with the requirements of rule 34.6(c)(1), the codified presumption of rule
34.6(c)(4)--that the record is complete--does not apply and that we must, therefore,
apply the contrary presumption--that the omitted portions of the record support the
trial court's judgment. Because we must presume that the missing portions of the
record support the judgment, we must also overrule appellants' challenge to the
sufficiency of the evidence. See Davis v. Kaufman County, 195 S.W.3d 847, 851
(Tex. App.--Dallas 2006, no pet.); Wheeler v. Greene, 194 S.W.3d 1, 3 (Tex.
App.--Tyler 2006, no pet.); Mason v. Our Lady Star of Sea Catholic Church, 154
S.W.3d 816, 820 (Tex. App.--Houston [14th Dist.] 2005, no pet.); Sandoval, 25
S.W.3d at 722; Gardner v. Baker & Botts, L.L.P., 6 S.W.3d 295, 297-98 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied). 

 We overrule appellants' first three issues. 

II. The Judgment

 In their fourth point of error, appellants contend that the judgment of the trial
court contains ambiguities so great as to render it unenforceable and that these errors
are so structural that they cannot be construed as mere clerical error, thereby
precluding correction via judgment nunc pro tunc. Appellants argue that, because
judgment contains conflicting amounts of recovery in various paragraphs, it is so
confusing and ambiguous that it is unenforceable. 

 The judgment provides in relevant part:

 The Court, after hearing the evidence and arguments of counsel,
is of the opinion that the Plaintiff is entitled to recover of and from Pye's
Auto Sales, Inc. the sum of $276,674.77 from Pye's Auto Sales, Inc. and
$172,551.18 from Sidney T. Pye, III plus attorney's fees of $7,500.00;
accordingly, it is


 Ordered, Adjudged, and Decreed that Plaintiff, Gulf States
Finance Company recover of and from Pye's Auto Sales, Inc. and
Sidney T. Pye, III aka Sidney Pye jointly and severally, the sum of
$172,551.18 plus interest at the rate of five percent from August 29,
2003 (the date this suit was filed) until this date; it is further


 Ordered, Adjudged and Decreed that Plaintiff, Gulf States Finance
Company, recover an additional $104,123.59 from Pye's Auto Sales,
Inc. plus interest at the rate of five percent from August 29, 2003 to this
date. This amount is in addition to the amount ordered in the preceding
paragraph; it is further


 Ordered, Adjudged and Decreed that Plaintiff, Gulf States Finance
Company, recover from Pye's Auto Sales, Inc. attorney's fees in the sum
of $7,500.00 for services rendered through the trial of this case . . . .


 The first paragraph quoted above does not contain decretal language. Rather,
it is the opinion of the trial court. Recitations preceding the decretal portion of a
judgment are not a part of the rendered judgment. Ellis v. Mortgage and Trust, Inc.,
751 S.W.2d 721, 724 (Tex. App.--Fort Worth 1988, no writ). If there is a
discrepancy between the recitals in the judgment and the decretal portions of the
judgment, the decretal portions control. Alcantar v. Okla. Nat'l Bank, 47 S.W.3d 815,
823 (Tex. App.--Forth Worth 2001, no pet.). 

 In the present case, although the recital paragraph is ambiguous, the decretal 
paragraphs are not. The judgment awards a total recovery from Pye's Auto by Gulf
States of $276,674.77, with Sidney Pye III jointly and severally liable for
$172,551.18 of that amount. In addition, the judgment awards Gulf States $7,500 in
attorney's fees to be recovered from Pye's Auto. These decretal paragraphs are
unambiguous and enforceable. 

 Appellants also contend that, by imposing joint and several liability on only
a portion of the damages, the judgment gives validity to their argument that the
evidence was insufficient to pierce the corporate veil. Because we must presume that
the missing record supports the judgment, we reject this argument. 

 We overrule appellants' fourth issue. 

CONCLUSION


 We affirm the judgment.

 


 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Taft and Nuchia.