**Opinion issued February 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01033-CV

———————————

## GONZALO SOSA, Appellant

## V.

## JULIO GARCIA, Appellee

On Appeal from the Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1036389

## MEMORANDUM OPINION

This is a forcible detainer and eviction case. Appellant, Gonzalo Sosa, lost his homestead, located at 7244 Eppes in Houston, Texas ("the Property"), to foreclosure, and appellee, Julio Garcia, subsequently purchased it. In five issues, Sosa challenges the trial court's judgment evicting him from the Property,

contending that: (1) the issues of title and possession were so intertwined that the trial court lacked jurisdiction to decide the forcible detainer action; (2) the trial court erred in determining that he was a tenant following the foreclosure; (3) the trial court erred in protecting investors "with no regards to consumer protection"; (4) certain aspects of the foreclosure sale did not comply with Texas law governing foreclosures; and (5) the language in the deed of trust that created a landlord-tenant relationship following foreclosure violates the Texas Constitution.

We affirm.

## Background

Sosa purchased the Property in July 2004, and his mortgage was secured by a deed of trust. However, Sosa began experiencing financial difficulties in August 2012 and filed for bankruptcy. This bankruptcy was apparently resolved without involving his mortgage.[1]

On March 5, 2013, the mortgage company, H.M.M. Company, Inc. *d/b/a* Realty Mortgage Company, foreclosed on the Property and sold it to RG Assets, Inc. Garcia bought the Property on March 27, 2013, from RG Assets.

Garcia subsequently filed a petition for eviction and forcible detainer in the justice court. Sosa's wife, Maria Sosa, filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on May 29, 2013. On August 6, 2013, the

---

[1] The record does not contain a copy of Sosa's deed of trust or any record of his 2012 bankruptcy filing.

2

bankruptcy court lifted the automatic stay so that the eviction case could proceed. Garcia reinstated his forcible detainer and eviction proceeding against Sosa.

The justice court rendered judgment in favor of Garcia, ordering Sosa to surrender possession of the Property to Garcia and awarding Garcia attorney's fees. Sosa appealed to the county civil court at law.

On September 28, 2013, Sosa again filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code, and he filed a suggestion of bankruptcy with the county court to inform it of the automatic stay. On October 25, 2013, the bankruptcy court signed an agreed order dismissing the bankruptcy case with prejudice for a period of 180 days and granting relief from the automatic stay.

The county court considered the forcible detainer and eviction case and rendered judgment in favor of Garcia, ordering Sosa's eviction from the Property. No reporter's record was prepared or filed for the appeal of this case.

## Jurisdiction

In his first two issues, Sosa complains that the justice court did not have jurisdiction to decide the forcible detainer and eviction suit.

### A.    Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). The existence of subject-matter jurisdiction is a

question of law, which we must decide de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). "We focus first on the plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists." *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) ("Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law."). We must examine the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *Morris v. Am. Home Mortg. Serv., Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). We construe the pleadings in favor of the pleader. *Id.*

Jurisdiction over forcible detainer and eviction actions is expressly given to the justice court of the precinct where the property is located. TEX. PROP. CODE ANN. § 24.004 (Vernon 2014); TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon Supp. 2014); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). The judgment of the justice court may then be appealed to the county courts for a trial de novo, and the jurisdiction of a statutory county court is confined to the

4

jurisdictional limits of the justice court. TEX. R. CIV. P. 510.10(c); *Rice*, 51 S.W.3d at 708.

The only issue in a forcible detainer action is the right to immediate possession of real property, and the justice court is expressly denied jurisdiction to determine or adjudicate title to land. *See* TEX. GOV'T CODE ANN. § 27.031(b)(4); *Morris*, 360 S.W.3d at 34; *Rice*, 51 S.W.3d at 709. To prevail, the plaintiff is not required to prove title; instead, the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Morris*, 360 S.W.3d at 34. "The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title." *Id.* (citing *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)). However, a justice court has no jurisdiction to determine a right to possession if resolution of that right in turn depends upon the resolution of a title dispute. *Id.* at 34–35 (citing *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied)).

An action for forcible detainer is cumulative of all other remedies a party may have in the courts of this State, including a suit to try title. *Id.* at 35 (citing *McGlothlin v. Kliebert*, 672 S.W.2d 231, 233 (Tex. 1984)); *Rice*, 51 S.W.3d at 709. Because "[a] forcible detainer action in justice court may be prosecuted

5

concurrently with a title dispute in district court," a suit to try title filed in another court does not necessarily deprive the justice court of jurisdiction. *Morris*, 360 S.W.3d at 35; *Rice*, 51 S.W.3d at 713.

Here, Garcia's pleadings alleged that he owned the Property, that Sosa had "refused to surrender possession of said [P]roperty," and that Sosa was a "tenant[] at will or by sufferance" and an "occupant[] at the time of foreclosure of a superior lien." Garcia's petition further alleged that the Property was foreclosed upon on March 5, 2013, and that he bought the Property as a bona fide purchaser on March 27, 2013. Garcia attached the foreclosure deed of sale and related notices and the general warranty deed by which he acquired the Property. The record does not contain any pleadings or evidence challenging these facts.

Taking as true the facts pled by Garcia and construing them in his favor, as we must, we determine that those facts support jurisdiction in the trial court. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Morris*, 360 S.W.3d at 34–35. The facts pled by Garcia establish a landlord-tenant relationship between Sosa, as the borrower under a deed of trust, and Garcia, as the purchaser of the Property at a foreclosure sale. This relationship conferred on the justice court the jurisdiction to determine the right to immediate possession of the Property as requested by Garcia. *See Morris*, 360 S.W.3d at 34–35 (holding that establishment of landlord-tenant relationship between borrower and purchaser of property at foreclosure sale

6

allowed trial court to determine right to immediate possession without quieting title); *Rice*, 51 S.W.3d at 713.

Sosa specifically complains that a suit to quiet title was pending in district court at the time the forcible detainer action was pending in the justice and county courts and that he could not properly be considered a tenant following the foreclosure on the Property. He argues that because of the alleged title dispute, the issues of title and possession were so intertwined as to deprive the justice court, and subsequently the county court, of jurisdiction. However, nothing in the record on appeal supports his assertion that a title dispute was pending at the time the trial court considered the forcible detainer action or that the existence of a title dispute was ever presented to the trial court. *See Till v. Thomas*, 10 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding that attachment of documents as exhibits or appendices to briefs is not formal inclusion in record on appeal, and, therefore, such documents cannot be considered); *see also* TEX. R. APP. P. 34.1 (providing that appellate record consists of clerk's record and, if necessary to appeal, reporter's record). The record on appeal contains no evidence disputing the factual allegations in Garcia's forcible detainer and eviction petition that Sosa was a tenant at will or by sufferance as a result of the foreclosure on the Property and that Garcia was a bona fide purchaser of the Property following foreclosure.

Thus, we determine that the record demonstrates that the trial court had jurisdiction to consider Garcia's forcible detainer and eviction case.[2]

We overrule Sosa's first and second issues.

**Remaining Issues**

In his remaining issues, Sosa complains that the trial court misapplied the law in determining that he should be evicted from the Property, that the trial court misapplied Texas law to protect the investor "with no regards to consumer protection," that certain aspects of the foreclosure sale did not comply with Texas law governing foreclosures, and that "language in a deed of trust that creates a landlord tenant relationship with foreclosed real property owners violate[s] the Texas Constitution." However, the record on appeal does not contain a reporter's record of the proceedings in the justice court or the county court.

An appellant has the burden to bring forward a sufficient record to show the trial court's claimed error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In the absence of a reporter's record, we must presume that the omitted evidence supports the trial court's

---

[2] We note that, even if the record did establish that a suit to quiet title was pending, it would not necessarily deprive the justice court or county court of jurisdiction to determine the right to immediate possession. "A forcible detainer action in justice court may be prosecuted concurrently with a title dispute in district court," and, thus, a suit to try title filed in another court does not necessarily deprive the court in which a forcible detainer action was brought of jurisdiction. *See Morris v. Am. Home Mortg. Serv., Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.).

judgment. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.— Houston [14th Dist.] 2000, pet. denied); *see also Enter. Leasing Co. v. Barrios*, 156 S.W.3d 547, 549–50 (Tex. 2004) (per curiam) (stating that "on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error" and concluding that "[i]f the pertinent summary judgment evidence considered by the trial court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment"). We also assume that "the trial court heard sufficient evidence to make all the necessary findings in support of its judgment." *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Here, Sosa did not provide a record of any of the proceedings before the justice court or the county court, nor does the record contain a copy of his deed of trust. Thus, we presume that the evidence presented at trial supported the trial court's judgment. *See Schafer*, 813 S.W.2d at 155; *Sandoval*, 25 S.W.3d at 722. We further observe that the record on appeal does not reflect that any of these arguments urged on appeal were first made to the trial court. *See* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely

request, objection, or motion . . . and (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) (observing that even constitutional complaints can be waived by failure to object at trial).

We overrule Sosa's remaining issues.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

10