

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00367-CV

Anthony **MOORE**,
Appellant

v.

Jo Ann **MOORE**,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 23-04-0279-CVA
Honorable Bob Brendel, Judge Presiding

Opinion by: Velia J. Meza, Justice

Sitting: Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: February 25, 2026

AFFIRMED

Anthony Moore appeals from a final decree of divorce and challenges the division of property. Despite repeated warnings and a considerable delay, Anthony failed to request and pay for the reporter's record. Because each of his appellate issues requires us to review the trial transcript, we affirm.

**BACKGROUND**

Anthony and Jo Ann Moore married in 2003. After two decades of marriage, Jo Ann hired an attorney and filed for divorce, alleging the marriage had become "insupportable" due to "discord or conflict of personalities." Anthony responded with a pro se petition for divorce. Following a temporary orders hearing, the trial court ordered Anthony to pay temporary spousal maintenance to Jo Ann in the amount of five hundred dollars per month. The court also made orders for the exclusive use of certain property while the divorce was pending.

On December 13, 2023, a final hearing occurred. Following the hearing, the trial court signed a final decree of divorce reflecting that both parties appeared at the hearing—Anthony pro se and Jo Ann through her attorney—and that a court reporter was present. The decree divided the marital estate, including Anthony's federal military retirement benefits, awarded each party one or more of the vehicles remaining in the estate, allocated personal effects and household furnishings, divided cash on hand and bank accounts, apportioned miscellaneous debts, and awarded spousal maintenance to Jo Ann. This appeal followed.

**DISCUSSION**

Anthony disputes the trial court's findings concerning the grounds on which the divorce was granted, the award of spousal maintenance, the characterization of separate property, the alleged incorrect calculation for the division of federal military retirement pay, and, more broadly, the sufficiency of the evidence supporting the court's determinations. Anthony also makes several arguments that the trial court erred by awarding separate property to Jo Ann because she failed to plead a claim to the property.

A trial court has broad discretion to divide the marital estate. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We may reverse a division only where an abuse of discretion is shown. *Id.*

This is a fact-intensive inquiry and we "presume that the trial court properly exercised its discretion in reaching its decision." *Nunez v. Nunez*, No. 04-22-00362-CV, 2024 WL 3054038, at *1 (Tex. App.—San Antonio June 20, 2024, pet. denied) (mem. op.) (citing TEX. FAM. CODE § 7.001). Because "the court is not required to divide the property equally," even if a trial court mischaracterizes property, we may not reverse unless it is shown that the mischaracterization rendered the overall distribution of property unjust and unfair. *Attaguile v. Attaguile*, 584 S.W.3d 163, 176 (Tex. App.—El Paso 2018, no pet.).

## 1 Because appellant failed to request a reporter's record, we must presume all evidence supports the judgment.

We must account for the fact that no reporter's record was filed. The court notified Anthony on August 20, 2024, that he was required to provide written proof within ten days, showing that: he had submitted a written request to the court reporter; and he had paid, or made arrangements to pay, the court reporter's fee for or that he was entitled to proceed without payment.

Anthony filed two documents in response. First, he asserted that the reporter's record contained no relevant evidence, would be of no value, would not aid the appellate court's decision-making process, and therefore he would not request it. He further stated that Jo Ann was free to provide a reporter's record if she believed it would be relevant. He also argued that the reporter's record is not the controlling source for determining whether the trial court correctly applied the law. According to Anthony, his complaints focus on the trial court's legal errors and Jo Ann has had every opportunity to rebut his arguments. Thus, in the absence of a rebuttal, the appellate court should accept his assertions as true "by law."

It was Anthony's burden—as the appellant asking this court to reverse a final judgment—to provide an appellate record demonstrating reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.

1987). Without a reporter's record, we must presume that the evidence presented supports the trial court's judgment. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). We apply this presumption because, without a complete reporter's record, we cannot review all the evidence considered by the factfinder or apply the appropriate legal and factual sufficiency standards. *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968).

Each of Anthony's complaints require evidence to review on appeal—either because the complaint challenges evidence directly or because, even if we assume error, Anthony must show the error was harmful. No reporter's record was filed thus we cannot review sufficiency challenges or whether any supposed error was harmless. Anthony's issues are overruled.

## CONCLUSION

We affirm the trial court's judgment.[1]

Velia J. Meza, Justice

---

[1] All pending motions are denied.